## WHITE v. DOUGLASS.

### No. 9612; November 26, 1885.

8 Pac. 801.

**University of California—Instructions for Sale of Land.**—Instructions to the land agent of the University of California, directing him to receive applications for surveyed land, in accordance with a designated plan, whether they emanate from the board of regents or not, if subsequently recognized and enforced by them, will be held to be the instructions of the board.

APPEAL from Superior Court, County of San Joaquin.

David S. Terry and George A. Nourse for appellant; J. H. Budd and W. L. Dudley for respondent.

SEARLS, C.—This is an action to determine a contest between applicants for the purchase of land from the state of California, as provided for under sections 3414–3416 of the Political Code. The cause was tried by the court, a jury having been waived, and judgment was rendered upon written findings in favor of plaintiff, from which, and from an order denying a new trial, defendant appeals. It is objected to the first finding of the court that the evidence shows without conflict that no purchase of the land described in the complaint, or any portion thereof, was made by plaintiff from Pico, but that an agreement was made to purchase over one thousand acres of land, including the land in controversy, provided the claim of Pico to the Moquelemos grant was confirmed by the supreme court of the United States; that plaintiff was in

possession long before the date of such contract, and had improved the land prior thereto, and that neither his entry nor improvements were made under said contract. The finding of fact, standing by itself, seems liable to the criticism aimed at it, but when taken in connection with other facts, as found by the court, the reason of the objection fails.

The findings, as a whole, embody a history of plaintiff's connection with the land, his acts of control over it, improvements made thereon, contracts for the purchase thereof from Andreas Pico, his failure to obtain title under such contract, the reason of such failure, and his subsequent application to purchase through the regents of the University of the State of California. For convenience, as we suppose, the findings are divided into nineteen sections, and numbered consecutively from 1 to 19, and a part of the subject matter which might with propriety have been included in No. 1 is embodied in No. 5, and the two findings, read together, properly state the facts deducible from the evidence touching the attempted purchase from Pico. The fifth finding is in the following language: "That in fact said purchase of said land by plaintiff from said Pico was a conditional one, and said Pico agreed in and by the agreement of purchase thereof to repay to plaintiff said sum of fifteen hundred and sixty dollars, in case the claim of said Pico to said land, as a part of said Mexican grant called 'Moquelemos,' should not be finally confirmed."

Had this last finding been attached to the first, it would have met the objection aimed at the former. Separated from it, we cannot see that it loses its potency as a fact in the case.

The seventh finding of fact, among other things, finds that the rules and regulations of the board of regents of the university required all applications for land granted by Congress for the use of an agricultural college to accompany such application with an affidavit containing, among other things, a statement that there were no occupations of nor settlements upon the land sought to be purchased other than that of the applicant, and that the affidavit of defendant contained no such statement. It is objected to this finding that it was the land committee of the board of regents, and not the board, who promulgated the regulations in evidence dated April 9, 1871. The instructions purport to emanate from the board

of regents, and are addressed to H. A. Higley, land agent of the university, directing him to receive applications for surveyed land in accordance with previous instructions, but to so change the required affidavit as to read, etc. There is also in evidence a resolution of the board of regents dated June 15, 1871, providing for the additional affidavit required by the regulations of April 9, 1871, in cases of applications made prior to the date of said last-named instructions. These proceedings show that the instructions of April 9, 1871, were recognized, acted upon, and enforced by the board of regents, and whether originally formulated by the board as such, or by a committee, is not important. The essential thing is that they were put forth, published to the world, and acted upon, as the instructions governing their subordinates, and applicants for the purchase of university lands, so called. Defendant's application to purchase was filed February 26, 1874, and was accompanied with the affidavit hereinbefore mentioned, a copy of which is set out in the complaint herein.

According to the eighth finding, "the board of regents of said university never accepted said defendant's said application to purchase, . . . . and said land was never located in said United States land office, Stockton district, . . . . for defendant's benefit." The only evidence in the bill of exceptions on the subject is that of A. J. Moulder, land agent of the university, who says: "I cannot remember what I did in reference to the defendant's application, but the presumption is violent that I did in that case what I always did in similar cases, and what it was my duty to do; that is, applied to the register of the land office of the Stockton district, to select that particular tract of land as a portion of the one hundred and fifty thousand acres agricultural grant assigned by the legislature to the university."

If the land was in fact ever entered, or application made therefor, at the Stockton land office, the fact was one which could have been so easily proven, and the records of the land office constituting, as they would, conclusive evidence on the point, in the absence of such proof we are not surprised that the court, upon the uncertain evidence set out, found as above stated.

There was no evidence that the board of regents of the university ever accepted defendant's application to purchase,

or in any way passed upon his application, or did or performed any act or thing in the premises, save and except through their land agent, who received his application to purchase, and two hundred and ninety-six dollars and thirty-three cents as part of the purchase price which it was usual to exact when an application was filed.

This disposes of all the grounds upon which the motion for a new trial was based. The facts as found by the court warrant the judgment entered, and we are of opinion the judgment and order denying a new trial should be affirmed.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.